# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Tarus Tramaine Henry, Sr.,         )     C/A No.     5:13-cv-00075-JMC-KDW
                                         )
                                         )
             Plaintiff,           )
                                         )
v.                                  )     REPORT AND RECOMMENDATION
                                         )
Ofc Jackson, Ofc R. Bing, Sgt. Spakes, Cpt   )
Joyce Brunson, Jenny Yarborough, Ofc      )
Kevin Hall, Sgt Paine, Lt. Red, Ofc Kelly    )
Inghram, Ofc A. McGill Gillspe, Kenny     )
Boone, Ofc Rose, Ofc Morgan, Ofc Dole,    )
Ofc Floyd, and Sgt Jamerson,          

                Defendants.

Plaintiff, a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on Defendants' Motion to Dismiss for Failure to State a Claim filed on May 13, 2013. ECF No. 32. The court entered a *Roseboro* Order[1] on May 14, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 33. Plaintiff responded to Defendants' motion on June 17, 2013, making this motion ripe for consideration. ECF No. 37. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review.[2]

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[2] Other pending motions are addressed within.

I.      Background

Plaintiff is currently incarcerated at Lieber Correctional Institution in the South Carolina Department of Corrections ("SCDC"). In the Complaint filed in this case, Plaintiff alleges that on June 23, 2008 he was taken into custody by the Camden Police while he was at "the Kershaw County Medical Center, Emergency-room for [] injuries to his hand." ECF No. 1 at 4. Plaintiff contends that his hand had "several lacerations at 1 ½ cm each" and states that the Emergency Room doctors "told the officers to make sure that [he came] back within (30) days, to have [his] tendons repaired." *Id.* Plaintiff alleges that he was released from the Emergency Room and taken to the Kershaw County Detention Center[3] and a few hours later his "pain started to increase, in the injured areas," and that his hands were swollen, red and numb. *Id.* Plaintiff asserts that the next day he asked Defendant Kelly Inghram to help him or to help him get medical attention for his injuries. *Id.* Plaintiff contends several days passed with him asking "several officers to take [him] to medical or see the nurse," but he did not receive any medical treatment or help. *Id.* Plaintiff alleges that he was placed "in the whole [sic]" for asking for help. *Id.* Plaintiff avers that he was never taken back to the Emergency Room, nor did the "nurses take a routine look at my hand" or give him the required medical treatment. *Id.* at 5. Plaintiff contends that his hand is deformed and permanently disabled, and Plaintiff seeks $8 million dollars in compensatory damages. *Id.* at 5, 7.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[3] Although the facts in Plaintiff's Complaint contend that he was housed at the Kershaw County Detention Center, the record before the court shows that Plaintiff was actually housed at the Florence County Detention Center. *See* Aff. Captain Michael M. Nunn, ECF No. 32-2.

*Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III. Discussion

Defendants assert Plaintiff's claims are barred by the applicable statute of limitations. ECF No. 32-1 at 3. Plaintiff filed a Response in opposition to Defendants' Motion to Dismiss, but Plaintiff's Response does not address Defendants' statute of limitations argument. *See* ECF No. 37-1.

Section 1983 does not contain an express statute of limitations, therefore, in civil rights cases filed in the District of South Carolina this court applies South Carolina's general or residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for

personal injury actions."); *see also Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's general or residual personal injury statute of limitations is three years. S.C. Code Ann. § 15-3-530(5).

Plaintiff alleges that his hand was permanently disfigured and disabled when Defendants, officers and employees at Florence County Detention Center during the time period relevant to Plaintiff's Complaint, failed to get him treatment for lacerations that he received on or around June 23, 2008. ECF No. 1 at 4. Defendants attest that Plaintiff was detained at Florence County Detention Center from June 23, 2008 to July 31, 2009. *See* ECF No. 32-1*;* Nunn Aff., ¶ 2, ECF No. 32-2. The undersigned finds that, at the latest, Plaintiff's statute of limitations began to run when he was transferred from Florence County Detention Center on July 31, 2009. Therefore, for this action to be timely, Plaintiff needed to file his lawsuit no later than July 31, 2012. Because Plaintiff filed this lawsuit on January 10, 2013, Plaintiff's case is untimely. Accordingly, Plaintiff's action is barred by South Carolina's statute of limitations.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF 32, be *granted* and that this case be dismissed with prejudice. If the court accepts this recommendation, Defendants' Motion for Summary Judgment, ECF No. 54, and Plaintiff's Motion to Appoint Counsel, ECF No. 60, will be moot.

IT IS SO RECOMMENDED.

October 21, 2013                                          Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**