# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Tarus Tramaine Henry, Sr. ) | |
| ) | Civil Action No. 5:13-cv-00075-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Ofc. Jackson; Ofc. R. Bing; Sgt. Spakes; ) | |
| Cpt. Joyce Brunson; Jenny Yarborough, ) | |
| Head Nurse; Ofc. Kevin Hall; Sgt. Paige; ) | |
| Lt. Red; Ofc. A. McGill Gillspe; Kenny ) | |
| Boone, Sheriff; Ofc. Rose; Ofc. Morgan; ) | |
| Ofc. Dole; Ofc. Floyd; Sgt. Jamerson; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 62), filed October 21, 2013, recommending the court grant Defendants' Motion to Dismiss (ECF No. 32). In his complaint filed pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Tarus Tramaine Henry, Sr. ("Plaintiff") alleges that Defendants did not adequately care for his hand injury. (ECF No. 1). Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute 28 U.S.C. § 1915. (ECF No. 18). For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report, **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 54) and Plaintiff's Motion to Appoint Counsel (ECF No. 60).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

At the time of his filings in the instant case, Plaintiff was incarcerated in the Lieber Correctional Institution, a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2). Plaintiff filed this action on January 7, 2013, alleging that while he was detained at the Florence County Detention Center, Defendants neglected to ensure the health of his hand, which had been treated for several lacerations just before Plaintiff was arrested and detained. (ECF No. 1 at 4-6). Defendants moved to dismiss and for summary judgment asserting several grounds for dismissal. (ECF Nos. 32, 54).

Among the arguments Defendants raised was the contention that Plaintiff's claim is barred by the statute of limitations. (ECF No. 32-1 at 3). Defendants stated that Plaintiff's action falls under the South Carolina Tort Claims Act which has a statute of limitations of two years. *Id.* (citing S.C. CODE ANN. § 15-78-110). Defendants also asserted that the general statute of limitations in South Carolina is three years. *Id.* (citing S.C. CODE ANN. § 15-78-530). Plaintiff did not file the action until January 7, 2013, which was over three years after July 31, 2009, Plaintiff's last day at the Florence County Detention Center. (ECF No. 32-2). Therefore, Defendants argued that by either statute of limitations Plaintiff was barred from bringing this action. (ECF No. 32-1 at 3).

The magistrate judge issued the Report on October 21, 2013, recommending that the court grant Defendants' motion to dismiss on the grounds that the action was barred by the statute of limitations. (ECF No. 62 at 3-4). The magistrate judge explained that since § 1983 does not provide an express statute of limitations, the District Court for the District of South Carolina applies South Carolina's general or residual personal injury statute of limitations to personal injury actions. *Id.* at 3 (citing *Owens v. Okure,* 488 U.S. 235, 249-50 (1989)).

On November 12, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 64). In his Objections, Plaintiff argues that the court should not apply a statute of limitations in his case because from the time of his injury until the time he filed the complaint, Plaintiff was always in custody and did not have the resources to file the action. *Id.* at 2.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

3

The court adopts the legal analysis and conclusion of the Report and finds that South Carolina's three-year general or residual personal injury statute of limitations applies to this action. (ECF No. 62 at 3-4; *see also, Williams v. City of Sumter Police Dept.,* No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *2-3 (D.S.C. Feb. 23, 2011) (explaining in detail the legal doctrine supporting the application of South Carolina's general three-year statute of limitations in § 1983 personal injury actions)). The court having considered Plaintiff's Objections, finds no legal support for his argument that South Carolina's general or residual statute of limitations should not be applied in this case by reason of Plaintiff's confinement throughout the limitations period. Moreover, the court finds Plaintiff's argument logically flawed as Plaintiff was incarcerated at the time he filed the instant action. The court has no reason to doubt that Plaintiff could have availed himself of the legal process at an earlier date within his incarceration period. Therefore, the court finds Plaintiff's Objections lack merit and adopts the findings of the Report.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 62). Defendants' Motion to Dismiss (ECF No. 32) is hereby **GRANTED**. Defendants' Motion for Summary Judgment (ECF No. 54) and Plaintiff's Motion to Appoint Counsel (ECF No. 60) are **DENIED AS MOOT**. This action is therefore **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 30, 2013
Greenville, South Carolina